**FILE COPY**

FILE

The Law Offices of
**GARY BROWN**
A Professional Corporation
1 South Fair Oaks Avenue, Suite 301
Pasadena, CA 91105-1945
Telephone: (818) 293-0979
Facsimile: (818) 293-0760
Bar Number: 52249
garysbrown@ca.rr.com

Attorney for Linsey Adams

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Linsey Adams,

        Plaintiff,

        -vs-

Santa Barbara Cottage Hospital; John Anis,
M.D.; Aurora Vista Del Mar, LLC; Atman Reyes,
M.D.; Ronald D. Sager, M.D.; Bradley Crable;
and Does 1-10,

        Defendants.

Case No. **CV 13-09057** DSF
(SH)

**Complaint**

(1)    Violation of Civil Rights
(2)    Violation of Statutory Rights
(3)    False Imprisonment

Jury Trial Demanded

    The Plaintiff complains against the defendants as follows:

### Nature of the Case

    1.    This is an action to enforce civil rights violated by the defendants pursuant to 42 U.S.C.
Sec. 1983 and related statutes.  Also involved are supplemental claims arising from the same events
based upon violations of state statutes and false imprisonment.

### Parties

    2.    Linsey Adams (Adams) is a competent adult whose place of residence is Las Vegas
Nevada.

    3.    Santa Barbara Cottage Hospital (Cottage Hospital) is believed to be a California
corporation bearing entity number C0017398 which operate a facility at 400 West Pueblo Street,

COMPLAINT
9230 - 01v.2 [Complaint].wpd

1   Santa Barbara, CA 93105.  It is believed to be a teaching hospital and advertises that it engages in

2   voluntary treatment of acute psychiatric crises.  The Plaintiff believes that Cottage Hospital is a facility

3   designated by the County of Santa Barbara to hold psychiatric patients involuntarily pursuant to the

4   Lanterman Petris Short Act found at Welfare & Institutions Code (W&I C) sections 5000 and

5   following (LPS Act) and as such is operating *under color of law* for the purpose of federal civil rights

6   violations and because it exceeded its authority as set out in this complaint, it was acting in a private

7   capacity.

8        4.      John Anis (Anis) is believed to be an adult individual licensed to practice in California

9   as a physician and surgeon under license number 77310.  The Plaintiff believes that Anis is an

10  individual designated by the County of Santa Barbara to authorize the involuntary detention of

11  individuals pursuant to the LPS Act and that with regard to the events set out in this complaint and as

12  such was *operating under color of law* and because he exceeded his authority as set out in this

13  complaint, he was acting in a private capacity.

14       5.      Aurora Vista Del Mar, LLC, (Aurora) is believed to be a limited liability corporation

15  formed in California bearing entity number 20013170083 and operating a psychiatric hospital at 801

16  Seneca Street, Ventura, CA 93001, commonly known at Aurora Vista Del Mar Hospital (Aurora

17  Hospital).  The Plaintiff believes that Aurora Hospital is a facility designated by the County of Santa

18  Barbara to hold psychiatric patients involuntarily pursuant to the LPS Act and as such is operating

19  *under color of law* for the purpose of federal civil rights violations and because it exceeded its

20  authority as set out in this complaint, it was acting in a private capacity.

21       6.      Atman Reyes (Reyes) is believed to be an adult individual licensed to practice in

22  California as a physician and surgeon under license number 65293.  The Plaintiff believes that Reyes

23  is an individual designated by the County of Santa Barbara to authorize the involuntary detention of

24  individuals pursuant to the LPS Act and that with regard to the events set out in this complaint and as

25  such was operating *under color of law* and because he exceeded his authority as set out in this

26  complaint, he was acting in a private capacity.

27       7.      Ronald D. Sager (Sager) is believed to be an adult individual licensed to practice in

28  California as a physician and surgeon under license number 25663.  The Plaintiff believes that Sager is

THE LAW OFFICES OF GARY BROWN
PASADENA, CALIFORNIA 91105
Tel. 818/293-0979 Fax 818/293-0760                    -2-                                COMPLAINT
                                                                                9230 - 01v.2 [Complaint].wpd

1    an individual designated by the County of Santa Barbara to authorize the involuntary detention of

2    individuals pursuant to the LPS Act and that with regard to the events set out in this complaint and as

3    such was operating *under color of law* and because he exceeded his authority as set out in this

4    complaint, he was acting in a private capacity.

5          8.      Bradley Crable (Crable) identifies himself as a crisis evaluator with Santa Barbara

6    County ADMHS-CARES South, sometimes referred to as a *Case Worker.* Crable was acting

7    pursuant to authority invested in him pursuant to the County of Santa Barbara to authorize the

8    involuntary detention of individuals pursuant to the LPS Act and that with regard to the events set out

9    in this complaint and as such was operating *under color of law* and because he exceeded his authority

10   as set out in this complaint, he was acting in a private capacity.

11                           **Jurisdiction and Venue**

12         9.      The federal question presented in this complaint arises under 42 U.S.C. §§1983, et.

13   seq. upon which this federal court has jurisdiction pursuant to 18 U.S.C. §1343(3) and 28

14   U.S.C. §1331.

15         10.     Supplemental jurisdiction for the state law based claims is requested pursuant to 28

16   U.S.C. §1367.

17         11.     Venue is in the Central District of California pursuant to 28 U.S.C. §1391(b)(1) and (2).

18                           **Statement of the Facts**

19         12.     On December 8, 2011, in route to her regular place of employment, the Plaintiff

20   stopped by the offices of the Santa Barbara Police Department to file a complaint that she was the

21   victim of harassment by law enforcement agents and others.  The Plaintiff was extremely nervous

22   because she considered her personal safety threatened.  She was engaged in a business that related to

23   monitoring convicted criminals for law enforcement.  As she was presenting her claim and plea for

24   help the deputy on duty disrespected her plea for help and decided to call upon a crisis evaluator with

25   the Santa Barbara County ADMHS-CARES South.  In response Crable arrived.

26         13.     Upon arrival at the Santa Barbara Police Department Crable pretended to engage in an

27   evaluation of the Plaintiff with an unnamed colleague whose identity is not yet determined and wrote a

28   form used for an involuntary detention and treatment pursuant to California Welfare & Institutions

1   Code (W&I C) § 5150 and related sections, without required *probable cause*.  On the form Crable

2   stated as a criteria for an involuntary hold that the Plaintiff was *disoriented, confused, and currently*

3   *unable to provide adequate self-care*, which are not a criteria that comply with the applicable California

4   law found at W&I C §5008(h) (a portion of the LPS Act) authorizing an involuntary hold when caused

5   by a particular state of mind and were not actual or consistent with the facts present at the time the

6   form was completed.  Actually the Plaintiff presented as alert, intelligent, coherent, dressed

7   appropriately, well fed, had presented her own residence address, arrived in her own late model

8   automobile, was on her way to her regular place of employment where she was gainfully employed,

9   and was upset about not being respected by the law enforcement officer about her complaint and

10  request for help, including personal protection.  Despite the lack of an objective basis for the criteria

11  for an involuntary detention, Crable knowing he lacked the criteria for *probable cause* illegally caused

12  the Plaintiff to be  involuntarily transported to Cottage Hospital.

13      14.     The Plaintiff was presented to Cottage Hospital about 8:00 a.m. on December 8, 2011,

14  without a required statement objectively showing *probable cause* and therefore it should have rejected

15  the Plaintiff immediately, but did not.  Further, Cottage Hospital did not consider additional relevant

16  information available to it upon the presentation of the Plaintiff, as required by W&I C §5150.05,

17  which would have exonerated the Plaintiff from the suspicion of being a person subject to an

18  involuntary detention pursuant to W&I C §5150.  The records of Cottage indicate a recognition that

19  the Plaintiff had to be evaluated by a psychiatrist to determine whether she met the statutory criteria for

20  involuntary detention but that did not occur.

21      15.     Despite the failure to *assess* the Plaintiff by criteria set out in the W&I C §§5000 and

22  following that would have lead to the immediate release of the Plaintiff, Cottage Hospital involuntarily

23  detained the Plaintiff for about seven hours.

24      16.     During the seven hours of involuntary detention of the Plaintiff at Cottage Anis, who

25  has not been found to possess any special training in behavioral or mental disorders and shows a

26  specialty in emergency room medicine at the American Board of Medical Specialties, signed a form

27  indicating a medical diagnosis of paranoia and grave disability, both known by him to be outside his

28  area of practice.  That intake was illegal and no legal intake occurred.

17.   Upon the pretend and legally wrong evaluation conducted by Cottage and Anis, the Plaintiff was involuntarily detained and transported to Aurora.

18.   The Plaintiff arrived at Aurora on December 8, 2011, which had a statutory duty to independently determine upon presentation of the Plaintiff that *probable cause* was present to involuntarily detain the Plaintiff. In fact *probable cause* did not exist to detain the Plaintiff and Aurora should have immediately released her but did not. Actually the Plaintiff was involuntarily detained upon the signature of Reyes, who did not interview her, but rather signed the form based upon the interview done by other individuals. In addition, Reyes authorized and confirmed the use of medications upon the Plaintiff without her informed consent and in violation of provisions in the W&I C §5332 that require both informed consent before use of the medications and also written information placed in the patient records, which did not occur. Thereafter Aurora involuntarily detained the Plaintiff illegally until December 14, 2011, stating in its records a criteria that does not meet the standards for *probable cause* pursuant to the LPS Act.

19.   In the records of Aurora, claiming to have been prepared on December 11, 2011, a purported extension of time pursuant to W&I C 5250 was placed in the file but not delivered to Plaintiff until December 14, 2011. That form, which is not time stamped and therefore presumed prepared at the end of the day is beyond the 72 hours and therefore legally ineffective. The form erroneously claims that Plaintiff was *gravely disabled*. It says the facts supporting the basis of the extension of *gravely disabled* related to states of mind and no mention was made about her ability to work, maintain her housing, or feed herself. The form apparently was signed by Sager and not Reyes and some other unnamed individual whose identity is yet to be determined. The basis of the form is not legally correct and obviously not in compliance with the law. The form was not delivered to the Plaintiff until she departed on December 14, 2011, in violation of the §5250 statute enabling possible extensions. Therefore, the Plaintiff should have been released immediately rather than held further.

20.   The Plaintiff was not provided representation at a hearing held at Aurora about her staying longer and not told by the hospital or attending physicians that she had legal grounds to be released immediately. Nor did the hospital or the attending staff or physicians explain to the Plaintiff that she could ask a superior court judge to release her at a hearing upon a Writ of Habeas Corpus

1    upon a showing of the facts and that she was being held illegally.

2         21.    During her involuntary detention at Aurora the Plaintiff was subjected to inappropriate

3    conditions under the control of the facility and staff that troubled her greatly.  In particular, she was not

4    helped and was in the midst of other individuals whose condition was not conducive of society.

5         22.    The entire time the Plaintiff was detained she was nervous about her well being amidst a

6    group of individuals that were imposing upon her involuntary detention and imposition of

7    philosophical viewpoints about life that were not consistent with those developed by the Plaintiff.  The

8    Plaintiff was not free to explore her own way of thinking

9         23.    The acts of the defendants legally caused the Plaintiff disturbance to her mind and

10   feelings and other types of damages all of which are valued at more than one million dollars

11   ($1,000,000).

12                              **First Count**

13                (Violation of Federal Civil Rights Against All Defendants)

14        24.    Plaintiff adopts all matters previously set forth in the Nature of the Case, Parties,

15   Jurisdiction and Venue and Statement of the Facts.

16        25.    While acting under the color of the authority of various statutes, ordinances,

17   regulations, customs and usages of the State of California which bestow upon employees and agents of

18   the State of California and of the County of Santa Barbara the authority to acts as "agents" of the State

19   only so long as they conduct themselves fully in accordance with such State Laws, each of the

20   Defendants named in this Count solely in his or her personal private capacity, subjected or caused the

21   Plaintiff Adams to be subjected to by the specific action of that defendant, to a deprivation of Rights,

22   Privileges or Immunities identified below and secured by the Constitution of the United States and its

23   laws, including the laws of the State of California.

24        26.    Further, the specific conduct identified on the part of each identified Defendant

25   subjected Adams to a deprivation of her Constitutionally guaranteed right to The Due Process of Law

26   in the specific manner identified and failed to assure Adams the Equal Protection of the Laws of the

27   United States and of California.

28             a.    First Amendment of the United States Constitution - As set out above in the

THE LAW OFFICES OF GARY BROWN
PASADENA, CALIFORNIA 91105
Tel. 818/293-0979 Fax 818/293-0760

-6-

COMPLAINT

9230 - 01v.2 [Complaint].wpd

1  factual allegations, Adams was deprived of her right to Freedom of Exercise of her Religious

2  viewpoints and to her Right to be Free from a Government Established Religion by the imposition

3  while confined of the exclusive thought processes referred to as psychiatry and psychology.

4      b.  Fourth Amendment of the United States Constitution - As set out above in the

5  factual allegations, Adams was deprived of Fourth Amendment Right to Be Secure in Her Person

6  against involuntary intrusion by agents of the State by intrusions into her body of tests performed

7  upon her without consent and into her body and impacting her mind of dangerous pharmaceutical

8  drugs by those acting under color of law.

9      c.  Fifth Amendment of the United States Constitution - As set out above in the

10  factual allegations, Adams was deprived of her right to be detained only upon the proper standard

11  of evidence commonly referred to as *probable cause* thereby depriving her of Due Process in

12  derogation of her basic Liberty interests.

13      d.  Ninth Amendment of the United States Constitution - As set out above in the

14  factual allegations, Adams was deprived of her Unenumerated and fundamental right not to be

15  subjected to involuntary medical experimentation by agents of the State; not to be subjected to

16  coerced ingestion of dangerous experimental pharmaceutical drugs. Adams was deprived of her

17  right to associate freely with people of her own choice. The deprivation impacted her lessons about

18  religion and general education and the general administration of medications and nutritional

19  supplements.

20      e.  Constitution and lesser laws and regulations of California - As set out above in

21  the factual allegations, Adams was deprived of rights, privileges or immunities secured by the

22  Constitution of the State of California and its lesser laws and regulations, all known to the defendants

23  by virtue of their education and training.

24    27.  As a direct consequence of the violation of the rights, privileges or immunities of

25  Adams, she suffered damages in excess of one million dollars ($1,000,000).

26    28.  Attorney fees are provided for recovery pursuant to 42 U.S.C. §1988 and the Plaintiff

27  estimates them to exceed one hundred thousand dollars ($100,000) by the time of trial.

28  **Second Count**

(Violations of State Statutes by all Defendants)

29.     Plaintiff adopts all matters previously set forth in the Nature of the Case, Parties, Jurisdiction and Venue and Statement of the Facts.

30.     The LPS Act provides in pertinent part at W&I C § 5005 that no person complained about under the Act shall suffer any forfeiture of legal rights or suffer any legal disability.  At all times pertinent the Plaintiff was a citizen of the United States and a citizen of the State of California with no legal disabilities.  The LPS Act at W&I C § 5325.1 reiterates that persons with mental illness have the same legal rights and responsibilities guaranteed all other persons by the Federal Constitution and laws and the Constitution of the State of California.  Although the Plaintiff does not have a mental illness she reaffirms her rights granted her under the Federal and State constitutions and laws.  In particular, the Plaintiff reaffirms her statutory right to be free from harm, including unnecessary and excessive physical restraint, isolation, abuse or neglect.  As set forth elsewhere in this complaint, the Plaintiff complains of violations of these rights.

31.     The LPS Act at W&I C § 5008 (h) provides that "gravely disabled" means ... "a condition in which a person, as a result of a mental disorder, is unable to provide for his or her basic personal needs for food, clothing, or shelter."  At all times relevant the Plaintiff was not gravely disabled, having worked full time, paid for her housing, and provided herself with food and other necessities of life.

32.     The LPS Act at W&I C § 5150 provides that in order for a person to be taken unwillingly into the custody of a designated facility for 72-hour treatment and evaluation a person must provide information that constitutes *probable cause* to detain the subject and the facility must obtain an application in writing stating the circumstances under which the subject's condition was called to the attention of the attending staff or professional person.  The facts of this case show that the form presented does not show *probable cause* and that any trained person detained the Plaintiff knowing this fundamental step had not been met.

33.     The LPS Act at W&I C § 5151 provides that the facility must decide whether to admit the person for 72 hours.  The records provided by the hospitals show that the Plaintiff was admitted

1  without *probable cause* and thereby illegally detained by the hospitals by and through each of its staffs.

2      34.    Section 5151 further provides that the evaluation pursuant to 5150 prior to admitting a

3  person pursuant to 5150 shall be done by the professional person in charge of the facility or designee.

4  The records of the hospitals do no show compliance with this provision ever, so the detention of the

5  Plaintiff was always illegal at both facilities.

6      35.    The LPS Act at W&I C § 5152 provides that each person admitted to a facility shall be

7  evaluated promptly.  It also provides that any person admitted shall receive appropriate treatment

8  promptly.  The Plaintiff was not evaluated by a competent person at Cottage nor provided treatment at

9  either hospital.

10      36.    The LPS Act at W&I C § 5157 provides that at the time a person is first taken into

11  custody under 5150 they shall be provided by the person taking them into custody the information set

12  out in the statute.  The records do not reflect compliance with this provision.

13      37.    The LPS Act at W&I C § 5259.1 provides that any individual who is knowingly and

14  willfully responsible for detaining a person in violation of the provisions of the LPS Act is liable to

15  that person in civil damages.  The Plaintiff alleges that defendant hospitals and defendant Anis and

16  Reyes and Does 1-10 are persons that willfully detained her in violation of the LPS Act and are

17  liable to her in civil damages.

18      38.    As a direct consequence of the violation of the statutory rights of Adams, she suffered

19  damages in excess of one million dollars ($1,000,000).

20      39.    Plaintiff is informed, believes and alleges that each employer defendant had advance

21  knowledge of the unfitness of each employee who engaged in the offensive conduct that is the basis of

22  this request for exemplary damages and employed that person with a conscious disregard of the rights

23  or safety of others or authorized or ratified the wrongful conduct for which the damages are requested,

24  or was personally guilty of oppression, fraud, or malice.  Plaintiff alleges that in doing the acts and

25  omissions set out in this complaint, defendants, and each of them, are guilty of oppression, fraud or

26  malice, and plaintiff is entitled to the maximum amount of punitive damages allowed by law.

27  **Third Count**

28  (False Imprisonment by All Defendants)

40.     Plaintiff adopts all matters previously set forth in the Nature of the Case, Parties, Jurisdiction and Venue and Statement of the Facts.

41.     The defendants deprived the Plaintiff of her freedom of movement by use of physical confinement to Cottage Hospital and Aurora Hospital or either, as described in this complaint.

42.     The Plaintiff did not consent.

43.     The Plaintiff was actually harmed.

44.     The conduct of each named defendant was a substantial factor in causing the harm to the Plaintiff.

45.     Plaintiff is informed, believes and alleges that each employer defendant had advance knowledge of the unfitness of each employee who engaged in the offensive conduct that is the basis of this request for exemplary damages and employed that person with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are requested, or was personally guilty of oppression, fraud, or malice.  Plaintiff alleges that in doing the acts and omissions set out in this complaint, defendants, and each of them, are guilty of oppression, fraud or malice, and plaintiff is entitled to the maximum amount of punitive damages allowed by law.

The Plaintiff seeks an adjudication that each of the defendants caused her harm and is liable to her for the damages she suffered and should otherwise pay the costs of suit, attorney fees and other remedies allowed by law.

Respectfully submitted,

# GARY BROWN

The Law Office of Gary S. Brown

By: Gary S. Brown

Attorney for Linsey Adams

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Dale S. Fischer_____ and the assigned Magistrate Judge is _____Stephen J. Hillman_____ .

The case number on all documents filed with the Court should read as follows:

### 2:13-CV-9057-DSF (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____December 9, 2013_____
Date

By __MDAVIS_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☑ Western Division            ☐ Southern Division              ☐ Eastern Division
  312 N. Spring Street, G-8       411 West Fourth St., Ste 1053      3470 Twelfth Street, Room 134
  Los Angeles, CA 90012          Santa Ana, CA 92701               Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

**FILE COPY**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| Linsey Adams | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| Santa Barbara Cottage Hospital; John Anis, M.D.; | ) | |
| Aurora Vista Del Mar, LLC; Atman Reyes, M.D.; | ) | |
| Ronald D. Sager, M.D.; Bradley Crable; and | ) | |
| Does 1-10, | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Gary S. Brown,
The Law Offices of Gary S. Brown, A Professional Corporation
1 South Fair Oaks Avenue, Suite 301, Pasadena, CA 91105-1945
Telephone: (818) 293-0979, Facsimile: (818) 293-0760

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❏ I personally served the summons on the individual at *(place)* _____

on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____              _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*


                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc:


COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Linsey Adams | Santa Barbara Cottage Hospital; John Anis, M.D.; Aurora Vista Del Mar, LLC; Atman Reyes, M.D.; Ronald D. Sager, M.D.; Bradley Crable; and Does 1-10, |

| (b) County of Residence of First Listed Plaintiff   Clark County, NV | County of Residence of First Listed Defendant   Santa Barbara, CA |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Gary S. Brown, The Law Offices of Gary S. Brown, A Professional Corporation 1 South Fair Oaks Avenue, Suite 301, Pasadena, CA 91105-1945 Telephone: (818) 293-0979, Facsimile: (818) 293-0760 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ Diversity (Indicate Citizenship Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 1,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

440 - Civil Rights (42 U.S.C. sec. 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | **CV13-09057** |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF California**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes  ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   DATE: December 9, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |