FILED

**NOT FOR PUBLICATION**

APR 11 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINSEY ADAMS, | No. 14-55711 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-09057-DSF-SH |
| v. | |
| SANTA BARBARA COTTAGE HOSPITAL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted March 10, 2016[**]
Pasadena, California

Before: MURPHY,[***] PAEZ, and NGUYEN, Circuit Judges.

Linsey Adams appeals the district court's dismissal of her complaint for

failure to state a claim upon which relief could be granted under Federal Rule of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Civil Procedure 12(b)(6).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.**     Reviewing de novo the district court's Rule 12(b)(6) dismissal, *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007), we hold that the district court did not err in dismissing Adams's Section 1983 claims against defendants Santa Barbara Cottage Hospital ("Cottage Hospital"), Aurora Vista Del Mar, LLC ("Aurora"), and physicians John Anis, Atman Reyes, and Ronald Sager (collectively, "the private defendants").  To plead a Section 1983 claim, a plaintiff must allege that the defendant, while acting under color of state law, deprived the plaintiff of rights secured by the U.S. Constitution or federal statutes.  42 U.S.C. § 1983; *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1313–14 (9th Cir. 1989).  As the district court correctly noted, Adams failed to demonstrate that the private defendants took action "under color of state law" within the meaning of Section 1983.  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).

     A plaintiff may attribute a private actor's conduct to the State under one of three theories: the "state compulsion" test, also known as the "government nexus" test; the "joint action" test; or the "public functions" test.[1]  *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812, 816 (9th Cir. 2010); *see also Blum v.*

---

[1]  As Adams conceded, she does not assert a joint action theory of liability.

*Yaretsky*, 457 U.S. 991, 1004 (1982) (state compulsion); *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (public functions).  For the reasons set forth in the district court's order dismissing Adams's complaint, we agree that Adams has failed to establish Section 1983 liability against the private defendants under any of those theories.  The district court did not err in dismissing Adams's Section 1983 claims against Cottage Hospital, Aurora, Anis, Reyes and Sager.

**2.**     Adams also alleged that Bradley Crable, a County employee, violated her First, Fourth, Fifth, Ninth and Fourteenth Amendment rights.  The parties do not contest that Crable acted in his capacity as a county employee and took action under color of state law during Adams's detention.

        Nevertheless, Adams failed to allege that Crable was personally involved in the deprivation of her civil rights, a prerequisite to applying Section 1983 liability. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc).  Even if Adams had demonstrated Crable's involvement, she failed to plead any cognizable causes of action with respect to those claims.  Consequently, her First, Fourth, Fifth, Ninth, and Fourteenth Amendment privileges and immunities claims against Crable fail, and the district court did not err in dismissing those claims with prejudice.

3

Although mislabeled, Adams also alleged that Crable violated her procedural and substantive due process rights under the Fourteenth Amendment.[2] *See Sessions v. Chrysler Corp.*, 517 F.2d 759, 760–61 (9th Cir. 1975) (a claim should not be dismissed under Rule 12(b)(6) simply because it is mislabeled). Adams's complaint alleged the basic elements of a due process violation, but she did not state a plausible claim with respect to Crable's involvement in her detention. The district court dismissed without prejudice Adams' due process claim and granted Adams leave to amend her cause of action to "allege additional facts showing that Crable caused Adams' improper detention." Adams declined to avail herself of that opportunity.

When Adams declined to amend her complaint, she waived the opportunity to cure any defects in her complaint, including her due process claim against Crable. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). The district court did not err in dismissing her claim without prejudice, and it did not err in dismissing Adams's complaint after she elected not to amend her complaint

---

[2] We have held that a state cannot involuntarily commit a "nondangerous individual who is capable of surviving safely in freedom . . . without good cause" and without "minimum requirements of due process." *Doe v. Gallinot*, 657 F.2d 1017, 1021 (9th Cir. 1981) (citations omitted); *People v. Allen*, 42 Cal.4th 91, 98 (2007). We also have characterized claims alleging the unlawful deprivation of liberty by involuntary commitment as violative of Fourteenth Amendment due process. *Gallinot*, 657 F.2d at 1021.

as provided by the district court in its March 11, 2014 order.  *See Edwards*, 356

F.3d at 1065; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992).

**3.**      Adams also contends that the district court erred when it applied the one-

year statute of limitations for claims related to a health care provider's professional

negligence, Cal. Code. Civ. P. § 340.5, to her Lanterman–Petris–Short ("LPS") Act

claims.  The California Court of Appeal has held that the one-year statute of

limitations for false imprisonment, Cal. Civ. Code P. § 340(c), provides the

limitations period for LPS Act claims.  *Jackson v. Cedars-Sinai Med. Ctr.*, 220

Cal. App. 3d 1315, 1320–22 (1990).  The statute of limitations for false

imprisonment and for professional health care negligence accrue one-year from the

date upon which an individual became aware of her injury—in this case, from the

first day Adams was involuntarily committed.  *Compare* Cal. Civ. Code P. § 340.5

*with id.* § 340(c).  Although the district court applied the wrong statute of

limitations to Adams's LPS Act claims, under either limitations period, Adams's

claims were time-barred.  Consequently, the district court's error was harmless and

does not warrant reversal.

      **AFFIRMED.**